**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NORTH DAKOTA**
**WESTERN DIVISION**

Civil Action No. 1:25-cv-00281-DMT-CRH

SLAWSON EXPLORATION COMPANY, INC.,

Plaintiff,

v.

RPM CONSULTING, INC.,

Defendant.

---

**STIPULATED PROTECTIVE ORDER**

---

Pursuant to Federal Rule of Civil Procedure 26(c), Plaintiff Slawson Exploration Company, Inc. and Defendant RPM Consulting, have stipulated to the terms of this Protective Order.

1. This Protective Order is designed to preserve the confidentiality of certain testimony given by witnesses in this case and certain information contained in documents including non-public financial, business, personal, and other sensitive and/or confidential information. Disclosure of such information may cause harm, including, but not necessarily limited to, harm to the disclosing party. Rule 26(c) of the Federal Rules of Civil Procedure provides for the issuance of protective orders limiting the disclosure of certain information in appropriate circumstances.

2. Documents deemed to be "Confidential" shall be so designated in accordance with this Protective Order. Similarly, all corresponding testimony given by witnesses will be so designated.

3. To expedite the flow of discovery material, facilitate the prompt resolution of disputes over confidentiality, and adequately protect material entitled to be kept confidential, it is, by agreement of the Parties and pursuant to the Court's authority under the Federal Rules of Civil Procedure, STIPULATED AND ORDERED that:

4. This Protective Order shall apply to all information, documents, and things subject to discovery in this action or otherwise produced, whether produced by a party or third party, including, without limitation: documents and information produced, testimony adduced at depositions upon oral examination or upon written questions, answers to interrogatories, information obtained from inspection of premises or things, answers to requests for admissions, declarations, affidavits, and other information disclosed pursuant to the disclosure or discovery duties created by the Federal Rules of Civil Procedure.

5. This Protective Order governs the handling of all information or material produced by or obtained from any party, directly or pursuant to authorization, in connection with the above-captioned action and designated as "Confidential" as set forth below, including, without limitation (a) documents (as defined in Rule 34 of the Federal Rules of Civil Procedure), exhibits, answers to interrogatories, responses to requests for admissions, deposition transcriptions, and all written, recorded, graphic, or electronically-stored matters (and all identical and non-identical copies thereof); (b) any copies, notes, abstracts, excerpts, or summaries of such information, and the information itself; and (c) any pleading, affidavit, declaration, brief, motion, transcript, or other writing containing such information (collectively, "Information").

6. Any party may designate as "Confidential" any Information that the party in good faith believes constitutes private commercial or competitive Information not publicly available, including but not limited to employment records, tax and financial records, and information that the party in good faith believes qualifies as a trade secret under applicable state law. Any party may

also designate as "Confidential" any Information that the party in good faith believes constitutes private information not publicly available, or otherwise implicates common law and statutory privacy interests.

7. Information may be designated as "Confidential" as follows:

(a) Any document containing such Information may be stamped or labeled "Confidential" or, when stamping or labeling is not practical, may be separately designated in writing by description or document identification number. Information contained in answers to interrogatories or requests for admissions, or any other written discovery, may be similarly designated in writing.

(b) Information contained in deposition testimony or documents disclosed at a deposition may be designated as "Confidential" either orally on the record or in writing within ten (10) business days after the transcript is made available to the designating party. All Information disclosed during a deposition shall be deemed "Confidential" until the expiration of that period, whether or not any portion of the transcript has been so designated previously; and

(c) Information produced by a non-party in the course of this action may be designated as "Confidential" by the non-party or by a party to protect its own confidentiality rights with respect to the Information. Information produced by a non-party may be designated as "Confidential" by a party by written notice to the non-party and other parties within thirty (30) days of production.

8. All Information designated as "Confidential" ("Confidential Information") shall be subject to this Protective Order and shall be used solely for purposes of litigating this action and shall not be used, directly or indirectly, by parties, counsel, or non-parties receiving it for or in connection with any other purpose of any kind, including but not limited to any commercial use or any other legal proceedings. All persons who gain access to Confidential Information shall

be and are hereby prohibited and enjoined from disclosing or using it except as specifically provided herein. Counsel and all other persons to whom Confidential Information is disclosed shall avoid misuse, loss, and/or unauthorized disclosure of Confidential Information.

9. Protection of Confidential Information.

(a) Material or testimony designated as "Confidential" shall not be disclosed, repeated, given, shown, made available, or communicated in any way to anyone other than the following persons to whom it is necessary that such information be given for the purposes permitted in paragraph 8 hereto:

(i) the parties, including employees of corporate parties and any individual that files the attached consent form in this action;

(ii) In-house attorneys for any party and outside attorneys of record, including any attorney of a law firm designated as attorneys of record, as well as paralegals, secretaries, and clerical staff working with such attorneys, and contractors providing services to such attorneys, such as copying services;

(iii) Non-party witnesses but only if such person signs a declaration that contains the person's name and address and that is in substantially the same form attached as Exhibit A. Witnesses are those individuals likely to have discoverable information as defined in Fed. R. Civ. P. 26;

(iv) Independent *(i.e.,* nonemployee) persons retained by a party or its attorney solely for the purpose of assisting counsel of record in the prosecution, defense, or settlement of this action, such as independent experts or consultants, but only if such person agrees to be bound by this Protective Order and signs a declaration that is in substantially the form attached as

Exhibit A. Retaining counsel will preserve a copy of the executed Exhibit A, and the parties agree that such executed forms are not discoverable absent a finding of good cause by the Court;

(v) The Court, the Court's staff, and judicial assistants of the Court;

(vi) Court reporters and videographers;

(vii) Any other person designated by written agreement between the parties or by subsequent order of the Court after reasonable notice to all parties.

10. Confidential Information may be used during depositions of party or non-party witnesses taken in this action, subject to the following conditions:

(a) Only persons authorized to access Confidential Information under subparagraph 9(a) hereto may be in attendance at the portion of the deposition during which the Confidential Information is used; and

(b) If the witness is not the designating party or a representative of the designating party, the witness agrees on the record, and in a written and signed declaration in the form of Exhibit A hereto, to be bound by the terms of this Protective Order.

11. Any summary or abstract of any Confidential Information shall bear an appropriate legend and shall be subject to the terms of this Protective Order to the same extent as the Information summarized or abstracted.

12. Whenever a party wishes to file with the Court any document, including pleadings, motions, and other papers, containing or revealing Information that any producing party has designated as Confidential, the filing party shall file a motion to restrict access to or to seal such document. Where possible, only those portions of filings with the Court that contain or reveal Confidential Information shall be filed under restricted access or under seal.

13. A party may object to the designation of particular Confidential Information by giving written notice to the party designating the disputed information. The written notice shall identify the information to which the objection is made, the specific basis for such objection, and provide the party's availability for a conferral, either in person, by telephone, or by other reliable, real-time electronic means, to attempt to resolve the objection. The parties shall work together in good faith to schedule the conferral within a reasonable time. If the parties cannot resolve the objection within three (3) business days after the conferral, the party objecting to the confidentiality designation may contact the chambers of the assigned magistrate judge to request a conference be scheduled, pursuant to D.N.D. Civ. L.R. 37.1. If the parties still cannot resolve the objection following a conference with the magistrate judge, the party objecting to the confidentiality designation may, pursuant to D.N.D. Civ. L.R. 37.1, file an appropriate motion requesting that the Court determine whether the disputed information should be subject to the terms of this Protective Order. The disputed information shall be treated as Confidential under the terms of this Protective Order until the Court rules on the motion. In connection with a motion filed under this provision, the party designating the information as Confidential or shall bear the burden of establishing that good cause exists for the disputed information to be treated as Confidential.

14. Nothing herein shall prevent any of the parties from seeking further protection with respect to the use of any Confidential Information in connection with any trial in this litigation. Means to preserve the confidentiality of Confidential Information presented at the trial of this matter shall be considered and implemented prior to the beginning of such trial. Confidential Information that is not received into evidence at trial shall retain its "Confidential" status under this Protective Order.

15. Nothing in this Protective Order shall be construed as an agreement to produce particular Information, as an admission of the discoverability, relevance, or admissibility of any particular Information, or as a waiver of any rights to object to the discovery or admissibility of Information or to seek additional protection from the Court.

16. Within forty-five (45) days of the conclusion of this litigation by dismissal, upon request of the producing party, final judgment and expiration of the time for appeal, disposition of appeal, or settlement accompanied by dismissal, Confidential Information produced in this litigation, including originals, copies, abstracts, or summaries thereof, shall be returned to counsel for the producing party, and no copies thereof shall be retained by any other person except for in connection with attorney-client obligations for maintaining a copy of the litigation file, or else the receiving party shall destroy all such Confidential Information. In addition:

(a) If any Information has been furnished to a testifying or consulting expert, fact witness, or litigation-support provider, the attorney who furnished the Information, or the attorney for the party who furnished the Information, shall notify the recipient that all Information, including abstracts and summaries thereof, designated as "Confidential" must be returned to the producing party within forty-five (45) days or, provided the receiving party certifies compliance in writing, destroyed;

(b) At the conclusion of this litigation by dismissal, final judgment and expiration of the time for appeal, disposition of appeal, or settlement accompanied by dismissal, and upon request by the producing or designating party, counsel for each receiving party shall send to each producing or designating party a certification of its compliance within the requirements of this provision; and

(c) All briefs, pleadings, or other filings with the Court and attorneys' work product which incorporate or disclose Confidential Information may remain in the possession of the

parties' litigation counsel and need not be destroyed, but shall be maintained in strict compliance with, and shall remain subject to, the terms and conditions of this Protective Order.

17. Nothing in this Protective Order shall be deemed to restrict a party or nonparty's use or disclosure of its own Confidential Information. Such use or disclosure shall not waive the protections of this Protective Order and shall not entitle any other party, non-party, or their attorneys to use or disclose such Confidential Information, or the contents thereof, in violation of this Protective Order.

18. After the conclusion of this litigation, the provisions of this Protective Order shall continue to be binding, and this Court shall retain jurisdiction over the parties, and any other person who has access to Confidential Information pursuant to this Protective Order, for enforcement of the provisions of this Protective Order unless and until this Protective Order is canceled or otherwise modified by Order of the Court.

19. Nothing within this Protective Order shall prevent the parties hereto from stating additional objections to the production of Information or asserting any other grounds which may exist to prevent disclosure of the Information sought.

20. Any party, on reasonable notice to the others, may apply to the Court to seek to modify or to supplement the terns of this Protective Order for good cause.

21. The designation by a designating or producing party of any document, thing, or information as Confidential Information pursuant to this Order shall be made in good faith to facilitate the pre-trial proceedings, preparation, trial and settlement of this action. Treatment by opposing counsel in conformity with the indicated designation shall not be an admission or agreement by any party that the designated information, in fact or in law, constitutes or contains any private, trade secret or other proprietary or confidential information of any other party.

22. In the event any information is produced that the producing party later claims is protected by the attorney-client privilege, work product doctrine or other privilege or immunity, the receiving party shall, within five (5) business days of receipt of a written request by the producing party, return the original to the producing party, destroy all copies thereof and delete any copy of the documents, or any portion thereof, from any word processing or database tape or disk it maintains. Inadvertent production of privileged, work product-protected or immune documents in the course of discovery in this action shall not constitute a waiver of any privilege, work product protection or immunity, either as to the produced document or as to any other documents or communications. Return of information for which the producing party has asserted a claim of privilege, work-product-protection, or immunity under this paragraph shall be without prejudice to the receiving party's right to seek an order from the Court directing production of the information on the ground that the claimed privilege, work product protection or immunity is invalid, provided, however, that mere production of the information in the course of this action shall not be a ground for asserting waiver of the privilege, protection or immunity.

23. The party’s counsel who discloses Confidential Information shall be responsible for retaining Exhibit A's signed by qualified recipients of Confidential Information and maintain a list of all persons to whom any Confidential Information is disclosed. Exhibit A’s signed by qualified recipients, and the corresponding list, are not discoverable absent a finding of good cause by the Court. Should a dispute arise, only an *in camera* review for the Court’s eyes only shall be allowed to resolve the dispute.

24. By agreeing to the entry of this Protective Order, the parties adopt no position as to the authenticity or admissibility of documents produced subject to it, and admissibility of the designated Confidential Information will be reserved for and addressed at trial. Neither the taking

of any action in accordance with the provisions of this Protective Order, nor the failure to object thereto, shall be construed as a waiver of any claim or defense in this action.

25. Nothing in this Protective Order shall preclude any party from filing a motion seeking further or different protection from the Court under Rule 26(c) of the Federal Rules of Civil Procedure, or from filing a motion with respect to the manner in which Confidential Information shall be treated at trial.

26. Nothing in this Protective Order shall relieve any party of its obligation to prepare and provide a privilege log.

27. This Protective Order may be modified by the Court at any time for good cause shown following notice to all Parties and the opportunity for them to be heard.

SO ORDERED

Dated: 24 day of Sept., 2026.

Clare R. Hochhalter, Magistrate Judge
United States District Court

Stipulated and agreed to by:

DAVIS GRAHAM & STUBBS LLP

*/s/ Jennifer S. Allen*
Jennifer S. Allen, #48622
Christopher W. Dan, #57233
3400 Walnut Street, Suite 700
Denver, CO 80205
Telephone: 303.892.9400
Facsimile: 303.893.1379
Email: jennifer.allen@davisgraham.com
christopher.dan@davisgraham.com

*Attorneys for Plaintiff Slawson Exploration Company, Inc.*

MEAGHER & GEER

*/s/ Heather H. Neubauer*
Heather H. Neubauer
Caleb T. Nigrin
33 South Sixth Street, Suite 4300
Minneapolis, MN 55402
(612) 338-0661
hneubauer@meagher.com
cnigrin@meagher.com

*Attorneys Defendant RPM Consulting, Inc.*

# EXHIBIT A

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NORTH DAKOTA**
**WESTERN DIVISION**

Civil Action No. 1:25-cv-00281-DMT-CRH

SLAWSON EXPLORATION COMPANY, INC.,

Plaintiff,

v.

RPM CONSULTING, INC.,

Defendant.

---

**AGREEMENT TO BE BOUND BY PROTECTIVE ORDER**

---

The undersigned acknowledges having been provided with and having read the Stipulated Protective Order in this matter and agrees to be bound by its terms.

______________________________
Signature

______________________________
Printed Name

______________________________
Date